UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHENIKA JACKSON )
2808 Terrace Rd, SE )
Apt. A458 )
Washington, DC 20020 )
      Plaintiff )
 )
 )
vs. )
 )
WILKS ARTIS, )
1150 18th Street, N.W. )
Suite 400 )
Washington, DC 20036 )
 )
      Defendant )

## I. INTRODUCTION

1. Plaintiff initiates this Complaint in response to Defendant's illegal termination of her employment after she made her Employer aware of her disability and exercised her rights to take leave to address her disability with medical assistance. This proceeding seeks damages to redress the deprivation of rights secured to plaintiff by the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 et seq., the District of Columbia Human Rights Act D.C. Code § 2-1402-1, *et seq.* (2007), District of Columbia Family Medical Leave Act, D.C. Code § 32-501, *et seq.* and the District of Columbia laws governing employment relationships.

## II. JURISDICTION

2. The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 29 U.S.C. § 2617, 42 U.S.C. § 12117(a) and District of Columbia Human Rights Act D.C. Code § 2-1402-1, *et seq.*, District of Columbia Family Medical Leave Act, D.C. Code § 32-501, *et seq.*

## III. VENUE

3. The unlawful employment practices alleged below were committed within the District of Columbia. Accordingly, venue lies in the United States District Court for the District of Columbia under 29 U.S.C. § 2617(a) and 42 U.S.C. § 2000-e.

## IV. PARTIES

4. During all relevant times of the discriminatory action, the Plaintiff was a resident of the District of Columbia. Plaintiff is a person entitled to protection pursuant to the provisions of 42 U.S.C. § 12111(8), or alternatively or conjunctively, pursuant to 29 U.S.C. § 2611(2)(a) to be treated as an employee within the meaning of the FMLA.

5. The Defendant is a law firm conducting business in and is an employer within the District of Columbia. Defendant was the "employer" of plaintiff within the meaning of 29 U.S.C. § 2611(4)(a) at all times relevant to this action. Furthermore, defendant was the "employer" of plaintiff within the meaning of 29 U.S.C. § 2611(4)(a) and 42 U.S.C. § 12102(5)(A).

## V. STATEMENTS OF FACTS

6. At the time of termination of her employment, plaintiff was employed by Defendant as a Support Services Coordinator. At all times relevant herein, Defendant employs more than 20 employees.

7. Plaintiff was hired on or about August 21, 1989. Plaintiff's employment had been continuous.

8. At all times relevant, Plaintiff was a good employee whose performance evaluations were always satisfactory or above.

9. On or about September 26, 2006, Plaintiff took authorized leave once she was diagnosis with chronic depression, fatigue and anxiety. Shortly, thereafter, Plaintiff filed for and received benefits under Defendant's short-term disability plan through November 2006.

10. Plaintiff's supervisors knew that she had stress, anxiety manifestations and/or a mental disability.

11. Plaintiff's leave was subject to both the Family Medical Leave Act ("FMLA") and the D.C. Family Medical Leave Act ("DCFMLA"). Such leave was scheduled to conclude on December 18, 2006.

12. On or about December 1, 2006, Defendant contacted Plaintiff by telephone requesting

that she provide a date when she would return to work. Plaintiff advised that she had not been released by her physician to return to employment, and that she would provide the notice on or before the conclusion of her FMLA leave.

13. During this telephone conference, Defendant's human resources representative advised that unless Plaintiff confirmed when she would be returning to work, she would be terminated, notwithstanding the fact that Plaintiff's FMLA period had not expired.

14. Plaintiff advised Defendant's human resources representative that her physician had not released her to return to work at that point, and could not give her a return to work date. Defendant's human resource representative informed Plaintiff that she would be terminated if she did not return to work, and that Plaintiff would be considered as abandoning her job.

15. On December 5, 2006, Defendant's human resources director notified employees via e-mail that Plaintiff would not be returning to work, although Plaintiff's FMLA had not concluded, and Plaintiff had not informed Defendant's human resources representative that she would not be returning to work.

16. At all times relevant, Plaintiff had a medical excuse from her regular physician in pertaining to illness. She continued to routinely see her physician who had diagnosed and treated Plaintiff's disability.

17. Defendant employer knew in September 2006 that Plaintiff was being treated for her depression and anxiety. Defendant never sought to accommodate Plaintiff's medical condition.

18. The afore-described reason or reasons for terminating plaintiff are pretextual. The termination of plaintiff violated one, some or all of the following laws: ADA, FMLA, public policy violation and violation of state disability laws.

## VI.   DAMAGES

19. As a direct and proximate consequence of defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of income, including, but not limited to, past and future wages. benefits, expenses, payment for COBRA insurance, and various other expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## VII.   STATEMENT OF CLAIMS
### COUNT ONE

20. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1" through "19," inclusive, herein. In addition, Plaintiff alleges that Defendant unlawfully and discriminatorily terminated or constructively terminated Plaintiff's employment on account of her disability or disabilities and said actions violate the provisions of the Americans With Disabilities Act, as amended, 42 U.S.C. §12101 et seq., justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, compensatory and punitive damages against said defendant.

## COUNT TWO

21. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1" through "20," inclusive, herein. In addition, Plaintiff alleges that defendant's unlawful termination or constructive termination of her employment violates the laws of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. justifying an award, inter alia, of back pay, interest, special damages (if applicable), and any and all other damages that she is entitled to under law against defendant

## COUNT THREE

22. Plaintiff restates, realleges and maven and hereby incorporates by reference any and all allegations of paragraphs "1." through "21," inclusive, herein. In addition, plaintiff alleges that defendant's unlawful and discriminatory termination or constructive termination of her employment on account of her disability(ies) violates the District of Columbia Human Rights Act, justifying an award, inter alia, of back pay, front pay, benefits, special damages and any and all other damages that she is entitled to under law against defendant.

## COUNT FOUR

23. Plaintiff restates, realleges and reavers and hereby incorporates by reference any and all allegations of paragraphs "1." through "22," inclusive, herein. In addition, plaintiff alleges that defendant's unlawful termination of plaintiff's employment or constructive termination of employment on account of her physical and mental disability justifies an

award, inter alia, of back pay, front pay, benefits, special damages, general damages, an award for pain and suffering, and punitive damages under law against defendant.

### VIII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Prior to filing this action, Plaintiff timely filed her written charge under oath asserting disability discrimination with the Equal Employment Opportunity Commission (EEOC) on January 18, 2007, prior to the expiration of the statutory time limit. This agency charge was cross filed with the D.C. Office of Human Rights. The EEOC mailed a right to sue letter on February 5, 2008, permitting Plaintiff to file this action in federal court within 90 days of receipt of the letter. Plaintiff received the letter on February 8, 2008.

25. In conformance with law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving her right to sue letter from the EEOC and within the two year statute of limitations for the violation of the Family Medical Leave Act and the expiration of the statute of limitations of the disability and family responsibilities provisions under the D.C. Human Rights Act.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against defendant as follows:

A. For a money judgment representing compensatory damages, including lost wages, past and future wages, all other sums of money, including any and all benefits and any other employment benefits together with interest on said amounts, in addition to tort damages;

B.   For a money judgment representing punitive damages for defendant's willful violations of law;

C.   For a money judgment representing prejudgment interest, if applicable;

D.   Reinstatement and restoration of health care benefits denied Plaintiff;

E.   That this Court retain jurisdiction over this action until defendant has fully complied with the orders of this Court, and that this Court require defendant to file any and all reports necessary and to supervise compliance with law that any and all matters related hereto be done in conformance with the applicable ADA and FMLA provisions;

F.   For lost monies and damages pertaining to out-of-pocket expenses, especially related to, but not limited to, insurance payments for COBRA, those damages for being forced to sell real and/or personal properties;

G.   For costs of suit, including an award of reasonable attorney's fees, expert fees; and

H.   For such other and further relief as may be just and proper.

## XI.   JURY DEMAND

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 8th day of May, 2008.

Respectfully submitted,

/s/ Denise M. Clark
Denise M. Clark (420480)
The Law Office of Denise M. Clark
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com
Attorney for the Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

08-800
ESH

**I (a) PLAINTIFFS** Shenika Jackson
2808 Terrace Road S.E.
Washington, DC 20020

CLERK
U.S. DISTRICT & BANKRUPTCY COURT
2008 MAY -8 AM 11:58
RECEIVED

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Wilks Artis
1150 18th Street, NW
Suite 400
Washington DC, 20036

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Law Office of Denise M. Clark
1250 Connecticut Avenue NW
Suite 200
Washington, DC 20036 (202) 293-0015

Case: 1:08-cv-00800
Assigned To: Huvelle, Ellen S.
Assign. Date: 5/8/2008
Description: Civil Rights-Non. Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☒ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☒ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation of ADA 42 USC § 12117 and FMLA 29 USC § 2617

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE May 8, 2008    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.