UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHENIKA JACKSON, :
2808 Terrace Road, S.E., Apartment A458 :
Washington, D.C. 20020 :
 :
    Plaintiff, :
 :
v. : Case No.: 1:08-cv-0800 (ESH)
 :
WILKES ARTIS, Chartered :
1150 18th Street, N.W., Suite 400 :
Washington, D.C. 20036 :
 :
    Defendant. :

## DEFENDANT'S MOTION TO DISMISS

Comes now the Defendant, Wilkes Artis, Chartered, by and through counsel, and files this Motion to Dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As grounds therefore, Defendant respectfully refers this Honorable Court to the attached Memorandum of Points and Authorities.

                      Respectfully submitted,

                      CARR MALONEY P.C.

By: _____
Thomas L. McCally, #391937
1615 L Street, N.W., Suite 500
Washington, D.C. 20036-5652
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)
tlm@carrmaloney.com

## RULE 12-I CERTIFICATE

I HEREBY CERTIFY that I attempted to contact Plaintiff's counsel on June 9, 2008, to request the relief sought herein. As of the filing of this Motion, I have not received a response from Plaintiff's counsel.

_____
Thomas L. McCally

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss was mailed, postage pre-paid, on this 9th day of June 2008, to:

>Denise M. Clark, Esquire
>The Law Offices of Denise M. Clark
>1250 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036

_____
Thomas L. McCally

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHENIKA JACKSON,                        :
2808 Terrace Road, S.E., Apartment A458 :
Washington, D.C. 20020                  :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :  Case No.: 1:08-cv-0800 (ESH)
                                        :
WILKES ARTIS,                           :
1150 18th Street, N.W., Suite 400       :
Washington, D.C. 20036                  :
                                        :
        Defendant.                      :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

**I.     Introduction**

The Plaintiff filed this Complaint on May 8, 2008, against her former employer, Wilkes Artis, Chartered (Wilkes Artis), seeking to recover damages allegedly sustained in connection with the Defendant's termination of Plaintiff from employment on December 18, 2006.[1] Plaintiff's Complaint purports to set forth causes of action under the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.*, (ADA) (Count One), the Federal Family and Medical Leave Act, 29 U.S.C. 2601 *et. seq.*, (FMLA) (Count Two), and the District of Columbia Human Rights Act, D.C. Code § 2-1402-1 *et. seq.*, (DCHRA) (Count Three). Count Four of Plaintiff's Complaint sets forth a claim for damages, and generally alleges improper termination, but does not specify under what legal theory, statute, or common law that Plaintiff seeks to impose liability.

---

[1] Upon information and belief, Plaintiff's name is improperly listed as Shenika Jackson on the Complaint. In fact, Plaintiff's name is Senishika Jackson.

Plaintiff's Complaint also generally references the District of Columbia Family and Medical Leave Act, D.C. Code § 32-501, *et. seq.*, (DCFMLA) and other District of Columbia laws (See Paragraph 1 of Plaintiff's Complaint). However, Plaintiff does not set forth any specific cause of action under the DCFMLA nor does she set forth any cause of action under any other District of Columbia law governing employment relationships. Accordingly, any claim under the DCFMLA (or other unspecified D.C. laws relating to employment) should be summarily dismissed.

Plaintiff's claims under the ADA, the FMLA, and the DCHRA should be similarly dismissed. Plaintiff's claims of violations of each of these statutes is essentially premised on a theory that it was somehow improper for Defendant to terminate Plaintiff at the conclusion of FMLA leave, even though Plaintiff was unable to return to work after exhausting such leave. As is demonstrated in more detail below, under such circumstances, there can be no violation of the ADA, the FMLA, or the DCHRA.

The factual allegations contained in the Complaint, even if presumed to be true, are insufficient to support a claim under any of the theories alleged. Plaintiff's failure to allege that she was capable of returning to work is fatal to Plaintiff's claims under any theory. Not only has Plaintiff failed to allege facts sufficient to establish a prima facie case of discrimination under any theory, but Plaintiff's claims under the DCHRA and the DCFMLA (to the extent Plaintiff has alleged a claim under the DCFMLA) are also time barred.

Accordingly, Defendant files this Motion to Dismiss.

## II. <u>Factual Allegations</u>

The Plaintiff has alleged the following facts in her Complaint:

- That she took leave on September 26, 2006 after being diagnosed with chronic depression, fatigue, and anxiety (Complaint, paragraph 9).

- That Plaintiff was placed on Family and Medical Leave that was scheduled to conclude on December 18, 2006 (Complaint, paragraph 10).

- That prior to the conclusion of her leave, Defendant contacted her and inquired as to whether Plaintiff would be returning to work (Complaint, paragraph 12).

- That Plaintiff indicated that she had not been released to work (Complaint, paragraph 14).

- Based upon this information, Defendant advised employees that Plaintiff would not be returning to work at the conclusion of her leave (Complaint, paragraph 15).

- That, at all times, Plaintiff had a medical excuse for not returning to work (Complaint, paragraph 16).

These facts, even if taken as true for the purposes of this Motion, are insufficient to support a claim under any espoused theory. The most that the allegations can show is that Plaintiff was unable to work, was granted a significant amount of leave, remained unable to work, and that her co-workers were advised that she would not be returning to work at the conclusion of her leave based upon information that Plaintiff herself provided to the Defendant. She has not alleged that she was terminated during the protected leave period (before December 18, 2006), that she was deprived of any benefit during the leave period, or that she was able to return to work at the conclusion of FMLA leave. Far from demonstrating violations of the ADA, FMLA, and DCHRA, Plaintiff's allegations actually demonstrate complete compliance with all laws.

### III. Legal Argument

#### A. Plaintiff's allegations fail to establish a violation of the ADA – Count I

The allegations contained in Plaintiff's Complaint are insufficient to establish that Plaintiff was a qualified individual with a disability, which is a prerequisite to recovery under the ADA. *Barth v. Gelb*, 2 F.3d 1180, 1186 (D.C. Cir. 1993); *see also* 42 U.S.C. 12111(8); *Jones v. University of District of Columbia*, 505 F. Supp. 2d 78 (D.D.C. 2007) (disability discrimination plaintiff must show that she can perform essential functions of job without an accommodation, or if this is not possible, she may show that she can perform essential functions of job with a reasonable accommodation; to establish that a "reasonable accommodation" exists, plaintiff must present evidence as to her individual capabilities and make suggestions for reasonable assistance or job modification).

A "qualified individual" is one "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Norden v. Samper*, 503 F. Supp. 2d 130, 145 (D.D.C. 2007); 42 U.S.C. § 12111(8); *Breen v. Dep't of Transp.*, 282 F.3d 839, 841 (D.C. Cir. 2002). An individual who cannot perform the essential duties of her job, even with an accommodation, is not "qualified" under the statute. *Norden* at 145, citing *Chinchillo v. Powell*, 236 F. Supp. 2d 18, 24 (D.D.C. 2003). In the case at bar, Plaintiff has failed to allege that she was capable of performing the essential elements of her job, with or without a reasonable accommodation.

Plaintiff has not alleged that she was able to return to work at any time prior to or after the expiration of her FMLA leave. In fact, the crux of Plaintiff's claim is that she should have been granted even more leave than that which is required under the FMLA, and that the failure to

grant additional leave constituted a violation of the ADA. (See Charge of Discrimination, attached as Exhibit A; see also paragraph 11 of Plaintiff's Complaint).[2]

However, the failure to grant additional leave under such circumstances cannot be construed as a violation of the ADA. *See Sampson v. Citibank*, 53 F. Supp. 2d 13 (D.D.C. 1999) (employer not required to grant indefinite leave period under the ADA); *Hudson v. MCI Telecommunications Corp.*, 87 F.3rd 1167, 1169 (10th Cir. 1996) (summary judgment for defendant appropriate where plaintiff failed to present evidence of expected duration of leave, despite physicians report that impairment was not expected to be permanent); *see also Tyndall v. National Educ. Centers*, 31 F.3rd 209, 213 (4th Cir. 1994) (employee who cannot meet the attendance requirements of a job is not a "qualified individual" under the ADA).

Such requests for indefinite medical leave are unreasonable as a matter of law. *Waggoner v. Olin Corp.*, 169 F.3d 481, 485 (7th Cir. 1999); *Scarborough v. Natsios*, 190 F. Supp. 2d 5, 25 (D.D.C. 2002); *Sampson v. Citibank*, 53 F. Supp. 2d 13, 18 (D.D.C. 1999); *Hudson v. MCI Telecomms. Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996); *Nichols v. Billington*, 402 F. Supp. 2d 48, 81 (D.D.C. 2005).

The allegations of the Complaint illustrate that the Plaintiff was absent from work for an extended period of time. By her own admission, Plaintiff advised Defendant that she would not be able to return to work at the completion of her leave. (See Exhibit A.) Plaintiff does not allege that she was able to return to work and, in fact, alleged in her charge of discrimination that she requested additional leave of an unspecified duration. (See Exhibit A.) Under such

---

[2] In ruling on a Rule 12(b)(6) motion, the Court may consider "matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (citations omitted).

20080609 Motion to Dismiss

circumstances, Plaintiff cannot be considered a qualified individual with a disability, and dismissal of Count One is appropriate.

**B.    Plaintiff's allegations fail to establish a violation of the FMLA – Count II**

In Count two of her Complaint, Plaintiff asserts that the Defendant violated the FMLA. Plaintiff does not identify with any specificity how she contends that her FMLA rights were violated. However, an examination of the facts alleged demonstrates that no violation of the FMLA occurred.

Plaintiff alleges in her Complaint that she was placed on FMLA, and that her FMLA leave expired on December 18, 2006. (Paragraph 11 of Plaintiff's Complaint.) Plaintiff does not allege in her Complaint that she was terminated during the time that she was on protected FMLA leave, nor does she allege any other violation of the FMLA. In fact, as Plaintiff herself stated in the Charge of Discrimination that was filed with the EEOC, Plaintiff's letter of termination was dated December 18, 2006, the day that Plaintiff herself alleges that her FMLA leave expired. (See Exhibit A.) Accordingly, Plaintiff's own allegations establish complete compliance with the FMLA.[3]

Furthermore, Plaintiff has not alleged that she was capable of returning to work at the conclusion of FMLA leave. In fact, in her charge of discrimination, Plaintiff indicated that she was not capable of returning to work, and had requested additional leave. (See Exhibit A.) Under such circumstances, Plaintiff has not alleged any violation of the FMLA. *See Stopka v. Alliance of Amer. Insurers*, 1996 WL 717459, 1996 U.S. Dist. Lexis 18329 (N.D. Ill. 1996); *Miller v. Personal-Touch of Virginia, Inc.*, 342 F. Supp. 2d 499, 515 (E.D. Va. 2004); *Holmes v.*

---

[3] Plaintiff's allegation that Defendant announced that Plaintiff would not be returning does not constitute termination, and cannot serve as the basis for a claim under the FMLA. Plaintiff has not alleged that her benefits were impacted or cut off at any time prior to her actual termination. Under such circumstances, there can be no violation of the

*e.spire Communications*, 135 F. Supp. 2d 657, 667 (D. Md. 2001) (Summary Judgment granted where Plaintiff was unable to return to work on the date that FMLA leave was exhausted).

Plaintiff has not alleged that she was terminated prior to exhaustion of FMLA leave, has not alleged that she was deprived of any benefits while on FMLA leave, and has not alleged that she was able to return to work after such leave expired. Accordingly, Plaintiff has asserted no violation of FMLA, and dismissal of Count Two is appropriate.

### C.    Plaintiff's claims under the DCHRA and the DCFMLA are time barred - Count III

Plaintiff's claim under the D.C. Human Rights Act of 1977 ("DCHRA") is clearly time-barred. See D.C. Code § 2-1403.16(a). The statute of limitations for DCHRA claims is one year. The filing of an administrative complaint does not toll the DCHRA's one-year statute of limitations. *See Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 863 (D.C. 1989); *see also Coleman v. Potomac Elec. Power Co.*, not reported in F.3d (2004), 2004 WL 2348144 (C.A.D.C. 2004).

The first time that Plaintiff asserted a claim under the DCHRA was on May 8, 2008, when Plaintiff filed her Complaint in this matter. Prior to filing her Complaint in this action, Plaintiff filed a Notice of Charge of Discrimination with the EEOC, asserting that Defendant's failure to grant additional leave constituted a violation of the ADA. (See Exhibit A.) Plaintiff did not assert a claim under the DCHRA at that time. (See Exhibit A.) Plaintiff's termination letter was dated December 18, 2006. (See Exhibit A.) Plaintiff's Complaint was filed well over a year after the date of her termination and is therefore time barred.

---

FMLA. *See Sampson v. Citibank*, 53 F. Supp. 2d 13, 18 (D.D.C. 1999).
20080609 Motion to Dismiss

In addition to being time barred, Plaintiff's claim under the DCHRA fails for the same reasons that Plaintiff's claim under the ADA fail. Plaintiff cannot be considered a qualified individual with a disability, and dismissal of Count Three is appropriate.

To the extent that Plaintiff has attempted to assert a cause of action under the DCFMLA, that claim is also time barred. The District of Columbia Code provides that "[n]o civil action may be commenced more than 1 year after the occurrence or discovery of the alleged violation [of the DCFMLA]." D.C. Code § 32-510(b) (2001); *Lightfoot v. District of Columbia*, 2006 WL 54430, 7 (D.D.C. 2006); *see also Simmons v. District of Columbia*, 977 F. Supp. 62, 64 (D.D.C. 1997). As indicated above, this action was filed well over one year after Plaintiff was terminated from employment.

Defendant asserts that the Plaintiff's allegations are insufficient to state a claim under either the DCHRA or the DCFMLA. Additionally, any claim under the DCHRA or the DCFMLA is barred by the one-year statute of limitations. Accordingly, such claims are properly dismissed.

### D. Failure to state a claim upon which relief may be granted – Count IV

Plaintiff has included a fourth count in her Complaint, but it is unclear from a reading of that count exactly what cause of action Plaintiff is attempting to assert. For that reason alone, Count Four should be dismissed, as it fails to give Defendant fair notice of what claim is being asserted. *Bourbeau v. Jonathan Woodner Co.*, --- F.3d ----, 2008 WL 1757752, 2 (D.D.C.); *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Furthermore, to the extent that Plaintiff is seeking to recover for wrongful discharge based upon alleged violations of public policy, such claims necessarily fail, as the ADA, the FMLA, the DCHRA and the DCFMLA each contain a specific and significant statutory remedy

for a party aggrieved by a violation. *Kakeh v. United Planning Organization, Inc.*, 537 F. Supp. 2d 65, 72 (D.D.C. 2008); *Kassem v. Washington Hosp. Center*, 513 F.3d 251, 254 (D.C. Cir. 2008); *Nolting v. National Capital Group, Inc.*, 621 A.2d 1387, 1390 (D.C. 1993) (public policy exception to the "at will doctrine" cannot be invoked where the very statute creating the relied-upon public policy already contains a specific and significant remedy for the party aggrieved by its violation).

Accordingly, dismissal of Count Four is appropriate.

## IV. Conclusion

Plaintiff has failed to state a claim upon which relief may be granted under any theory alleged. Under the facts alleged, Plaintiff cannot establish that she was a qualified individual with a disability, rendering dismissal of Plaintiff's claims under the ADA and the DCHRA appropriate. Plaintiff's failure to allege that she was ever capable of returning to work also undermines Plaintiff's claims under the FMLA and the DCFMLA. Additionally, Plaintiff's claims under the DCHRA and, to the extent alleged under the DCFMLA, are time barred. Accordingly, all claims contained in the Complaint should be dismissed, with prejudice.

Wherefore Plaintiff respectfully requests that this Honorable Court grant this motion, and dismiss Plaintiff's Complaint and all allegations contained therein with prejudice. Defendant further requests that it be awarded costs, fees, and such other relief as this Court deems just and proper.

        Respectfully submitted,

        CARR MALONEY P.C.


By:    _____
        Thomas L. McCally, #391937
        1615 L Street, N.W., Suite 500
        Washington, D.C. 20036-5652
        (202) 310-5500 (telephone)
        (202)310-5555 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHENIKA JACKSON, :
2808 Terrace Road, S.E., Apartment A458 :
Washington, D.C. 20020 :
  :
    Plaintiff, :
  :
v. : Case No.: 1:08-cv-0800 (ESH)
  :
WILKES ARTIS, :
1150 18th Street, N.W., Suite 400 :
Washington, D.C. 20036 :
  :
    Defendant. :

## ORDER

UPON CONSIDERATION of the Motion of Defendant, Wilkes Artis, Chartered, to dismiss the Complaint filed against it by Plaintiff, Shenika (Senishika) Jackson, and any opposition thereto, upon a review of the record, and upon a finding that so ordering best serves the interests of justice, it is the _____ day of _____, 2008, hereby

ORDERED that Defendant's Motion to Dismiss be and the same hereby is, GRANTED: and it is further

ORDERED the Plaintiff's Complaint be and the same hereby is DISMISSED with prejudice with respect to any and all claims filed herein against Defendant, Wilkes Artis, Chartered.

                                                                              The Honorable Ellen S. Huvelle
                                                                              United States District Judge

Copies on next page

cc:   Thomas L. McCally, Esquire
      Carr Maloney P.C.
      1615 L Street, N.W., Suite 500
      Washington, D.C. 20036-5652

      Denise M. Clark, Esquire
      The Law Offices of Denise M. Clark
      1250 Connecticut Avenue, N.W., Suite 200
      Washington, D.C. 20036

# EXHIBIT A

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Ms Karen Laumoli<br>Firm Administrator<br>WILKES ARTIS, CHARTERED<br>1150 18th Street, NW<br>Suite 400<br>Washington, DC 20036 | PERSON FILING CHARGE<br><br>**Senishika A. Jackson**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>570-2007-00743 |

### NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act                 [X] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

**RECEIVED FEB - 1 2007 WILKES, ARTIS**

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **28-FEB-07** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **14-FEB-07** to **John Woods, ADR Coordinator, at (202) 419-0727**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Tracy Smalls,
Secretary
EEOC Representative
Telephone (202) 419-0734

Washington Field Office - 570
1801 L Street, N.W.
Suite 100
Washington, DC 20507

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [X] DISABILITY  [ ] RETALIATION  [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| January 30, 2007 | Dana Hutter,<br>Director | Dana R Hutter |

Enclosure with EEOC
Form 131 (5/01)

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14 Preservation of records made or kept.** . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 570-2007-00743 |

D.C. Office Of Human Rights and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Senishika A. Jackson | (202) 581-7878 | 08-06-1966 |

Street Address: 2808 Terrace Rd., S.E., Apt. A-458, Washington, DC 20020

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WILKES ARTIS, CHARTERED | 15 - 100 | (202) 457-7815 |

Street Address: 1150 18th Street, N.W., Suite #400, Washington, DC 20036

DISCRIMINATION BASED ON (Check appropriate box(es).):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-28-2006    Latest: 12-01-2006
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I started working for Wilkes Artis ("Respondent") on August 21, 1989 and I currently hold the position title of Support Services Coordinator. Since September 28, 2006, I have been on leave as a result of my medical condition. On December 1, 2006, my manager Karen Laumoli told me that I was terminated because I would not return to work. However, at the time Ms. Laumoli made her decision to terminate my employment, my physician had not released me to return to work. Furthermore, in my termination letter dated December 18, 2006, Ms. Laumoli stated that the company was severing my employment under DC's FMLA, but never considered additional leave or any other reasonable accommodation.

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

1/18/07    *Senishika Jackson*
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)