THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SENISHIKA JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-0800(ESH) |
| ) | |
| WILKES ARTIS ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant has moved to dismiss this action for Plaintiff's failure to state a claim upon which relief may be granted and to dismiss claims that are time barred. For the reasons set forth below, Plaintiff requests that this Court dismiss Defendant's Motion to Dismiss and direct Plaintiff to Answer Plaintiff's Complaint.

**II.   STANDARD OF REVIEW**

In *Bell Atlantic v. Twombly*, ___ U.S.___, 127 S. Ct. 1955, 1964-1965 (2007), the Supreme Court addressed discussed the standard by which a complaint must meet to meet FRCP 8(a)(2) and concluded that "only a short plain statement of the claim showing that the pleader is entitled to relief' . . . . Further, a plaintiff's obligation to provide the grounds of his entitlement to relief requires presentation of enough facts to state a claim for relief that is plausible on its face.

The facts alleged in the Complaint must be treated as true and the plaintiff must be given the benefit of all reasonable inferences that can be derived from the facts. *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). When reviewing such a motion to dismiss the court must accept as true all the factual allegations contained in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Specifically, a complaint in an employment discrimination lawsuit does not need to assert specific facts to establish a prima facie case of discrimination, but need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Quarles v. General Investment & Development Co.*, No. 02-1303 (D.D.C. 03/12/2003)(*quoting Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002), and *citing* Fed. R. Civ. P. 8(a)(2)); *Sparrow v. United Airlines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000).

Therefore, a complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Conley*, 355 U.S. at 45-46.

### III.    ARGUMENT

**A. Plaintiff has stated a claim for discrimination in violation of the ADA**

The facts raised in her complaint demonstrate that the Plaintiff was suffering from a mental condition that prevented her from working. The facts reflect that the Defendant was on notice of the Plaintiff's disability as she had filed for short term disability benefits through Defendant's insurance carrier. Further, the Defendant was on notice that Plaintiff was under the continuous care of a physician. Defendant inquired about the

status of Plaintiff's illness, and was consistently advised by the Plaintiff of the fact that Plaintiff's physician was treating her and had not concluded when she could return to work, let alone what accommodations would be necessary.

As demonstrated in Plaintiff's complaint, with at least 13 days remaining in her statutory leave period, Defendant determined to treat Plaintiff as abandoning her job instead of attempting to engage Plaintiff in an interactive process to determine what accommodations were necessary and what could be provided.

The fact that Plaintiff has not plead the legal conclusions under the two statutes in play in this matter (ADA and FMLA) should not result in the dismissal of Plaintiff's complaint, as the recitation of legal conclusions is not necessary for a complaint to survive Defendant's Motion for Dismissal.

### B. Plaintiff Has Stated A Claim of Violation of the Family Medical Leave Act

The plain language in Plaintiff's Complaint demonstrates that while Plaintiff was still out on her protected leave under FMLA, she was terminated. Plaintiff's Complaint, specifically ¶ 11 and ¶ 15 state that Defendant's protected leave ran until December 18, 2006 and that she was terminated on December 5, 2006, before the conclusion of Defendant's leave period, and in violation of the Family Medical Leave Act. Further, notwithstanding the written correspondence dated for the conclusion of Plaintiff's leave, Plaintiff has alleged that the actual date for her termination was December 5, 2008, when the Plaintiff was still under protected leave.

Defendant does not allege that it requested medical documentation that Plaintiff never provided, or that Plaintiff was placed on notice of the need to provide updated medical information to justify her continuation of protected leave that she failed to provide.  Instead, Defendant states that it is sufficient that it considered Plaintiff had abandoned her job while there were days of protected leave remaining.  Further, Defendant fails to recognize that the Plaintiff has alleged facts that demonstrate that notwithstanding the date of the Defendant's letter to Plaintiff stating that she had abandoned her job, the decision had been made several weeks in advance and was communicated to throughout the law firm by the Human Resources while there were 13 days of protected leave remaining..

Therefore, Plaintiff's claim of violation of the FMLA has been sufficiently plead to demonstrate that Defendant violated the statute when Defendant effectively terminated employee on December 5, 2006, 13 days before the conclusion of the protected period.

**C.  Plaintiff's claims under DCHRA and the DCFMLA are not time barred.**

EEOC has the power to authorize agreements with Fair Employment Practice Agencies ("FEPA") such as DCOHR.  42 U.S.C.A. § 2000e-8(b).  Such agreements are designed to establish effective and integrated resolution procedures.  29 C.F.R. § 1601.13(c).  The agreements may include, but need not be limited to, cooperative arrangements to provide for processing of certain charges by the EEOC, rather than by the FEPA during the period specified in section 706(c) and section 706(d) if Title VII. *Id.*  As a result of the Worsksharing Agreement between the EEOC and DCOHR, the EEOC and DCOHR are each the agent of the other for purposes of receiving charges.

*See* Fiscal Year 2006 Worksharing Agreement Between District of Columbia Office of Human Rights and The U.S. Equal Employment Opportunity Commission, hereafter cited as "Worksharing Agreement."

A Claimant may "cross-file" charges, whereby a filing with one agency is forwarded to and considered filed with the other. EEOC Compliance Manual (CCH) § § 5.2-5.3. The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA. *See* Worksharing Agreement §II(A). Correspondingly, the cross-filing and its affect would avail the Claimant of the statutory language of the act over which the FEPA has jurisdiction. In this case, the District of Columbia Human Rights Act ("Act") provides that the statute of limitations under the Act is tolled upon the filing with the Office of Human Rights. Under the Worksharing Agreement, the cross-filed charge with the D.C. Office of Human Rights should have the same effect.

Plaintiff was terminated from her job by letter dated December 18, 2006 and filed a charge with the Equal Employment Opportunity Commission ("EEOC") on January 18, 2007. Upon the date of the right to sue letter, FebruaryThus, Plaintiff's claim under the DCHRA was filed well within the one-year time limit.

**D. Even if the court finds that Plaintiff's claims under DCHRA and the DCFMLA are time barred, Plaintiff's claims are still actionable under federal FMLA.**

As stated above Plaintiff's claim under DCHRA and DCFMLA are not time barred because of the Worksharing Agreement between the DCOHR and the EEOC, a

5

filing with one is also considered a filing with the other. *See* Worksharing Agreement §II(A). In the alternative, if the court should find that Plaintiff's claim was made past the period of time allowed the court should consider that a claim under federal FMLA is still valid under the FMLA statute of limitations. An eligible employee who elects to file a private civil law-suit must do so within two years of "the last event constituting the alleged violation." 29 U.S.C. § 2617(c) (1); 29 C.F.R. § 825.400(b). In excessive absenteeism cases, courts have interpreted the FMLA's "last event" language, for purposes of the running of the statute of limitations, as the discipline for the absenteeism, and not the date of the earlier events on which the discipline was based. *Butler v. Owens-Brockway Plastic Pods,. Inc,.* 199 F.3d 314, 317 (6th Cir. 1999).

Ms. Jackson requested leave as a result of her medical condition on September 28, 2006 and was terminated for not returning to work less than three months later. Ms. Jackson was terminated from her position at Wilks Artis as a Support Services Coordinator on December 18, 2006 without being provided any reasonable accommodation. This suit was filed on May 8, 2008 thereby submitting a timely claim under the FMLA.

## IV.  **CONCLUSION**

For the reasons presented herein, Defendant's Motion To Dismiss Should Not Granted, and Defendant should be ordered to Answer Plaintiff's Complaint.

DATED: July 2, 2008

Respectfully submitted,


  /s/ Denise M. Clark
DENISE M. CLARK (420480)
Attorney for Plaintiff
1250 Connecticut Ave., N.W., Ste. 200
Washington, D.C. 20036
P: (202) 293-0015
F: (202) 293-0115
dmclark@benefitcounsel.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SENISHIKA JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-0800(ESH) |
| ) | |
| WILKES ARTIS ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATE OF DISCOVERY**

I HEREBY CERTIFY that on this 2nd day of July 2008, I served a copy of this Certificate, along with ***Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss***:

      Thomas L. McCally, Esq.
      CARR MALONEY, P.C.
      1615 L Street, N.W. Suite 500
      Washington, DC 20036
      (202) 310-5500 (direct)
      (202) 310-5555 (facsimile)
      tlm@carrmaloney.com

      Respectfully submitted,


      By:   /s/ Denise M. Clark


The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave., N.W.
Ste. 200
Washington, D.C. 20036
Phone  (202) 293-0015
Fax    (202) 293-0115
dmclark@benefitcounsel.com