UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHENISHIKA JACKSON,            :
                               :
    Plaintiff,                 :
                               :
v.                             :    Case No.: 1:08cv0800 (ESH)
                               :
WILKES ARTIS, Chartered        :
                               :
    Defendant.                 :

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### Factual and Procedural Background

The factual allegations contained in the Complaint that was filed by Plaintiff in this action render it impossible for Plaintiff to prevail under any theory alleged. Plaintiff has alleged in her Complaint that at all relevant times she was completely unable to work due to certain alleged physical and mental impairments. Plaintiff also alleged in her Complaint that she advised Defendant of her inability to return to work, and that based upon this information Defendant advised co-workers that Plaintiff would not be returning at the conclusion of her FMLA leave. No other factual allegations are made by Plaintiff with respect to her ability to work or regarding her termination.

These facts, even if assumed to be true, cannot serve as the foundation of any cause of action alleged by Plaintiff in her Complaint. Far from establishing any violation of statute, Plaintiff's allegations in fact demonstrate that Defendant was in complete compliance with all requirements of the Americans with Disabilities Act of 1990 ("DCA"), the District of Columbia Human Rights Act ("DCHRA") and the Family Medical Leave Act ("FMLA"). Accordingly, Defendant filed a Motion to Dismiss the Complaint in its entirety.

Defendant established in its Motion to Dismiss that in order to state a claim of disability

discrimination under the ADA or the DCHRA, a Plaintiff must do more than simply alleged that she has a disability.  In order to state a claim under either statute, a Plaintiff must allege facts demonstrating that she is a *qualified* individual with a disability.  A *qualified* individual with a disability is an individual who has a disability, but who can actually perform the essential elements of the job with or without a reasonable accommodation.   If Plaintiff cannot perform the essential elements of the job and if Plaintiff, in fact, cannot work, than Plaintiff is not a *qualified* individual with a disability and any claim under the ADA or the DCHRA necessarily fails.

Defendant also established in its Motion to Dismiss that the allegations contained in Plaintiff's Complaint do not support a claim under the FMLA or, to the extent alleged, the District of Columbia Family Medical Leave Act ("DCFMLA").  Plaintiff's allegation that she was unable to return to work during all relevant time periods, and her failure to allege that she was able to return to work at the conclusion of the protected leave period, effectively defeats Plaintiff's claims under the FMLA and the DCFMLA.  *See, Stopka v. Alliance of Amer. Insurers*, 1996 WL 717459, (N.D.Ill.1996); *Miller v. Personal-Touch of Virginia, Inc.*  342 F.Supp.2d 499, 515 (E.D.Va.,2004); *Holmes v. e.spire Communications,* 135 F.Supp.2d 657, 667 (D.Md. 2001) (Summary Judgment granted where Plaintiff was unable to return to work on the date that FMLA leave was exhausted).

Plaintiff's Opposition contains absolutely no factual or legal arguments to refute those presented by Defendant in its Motion to Dismiss.  In fact, Plaintiff's Opposition confirms the very arguments raised by Defendant in its Motion to Dismiss.  In the opening sentence of Plaintiff's argument, Plaintiff asserts that she "was suffering from a mental condition that prevented her from working." (*See* page 2 of Plaintiff's Opposition).  Plaintiff makes absolutely no attempt to argue that she was ever capable of returning to work.  As is demonstrated in Defendant's Motion to Dismiss, the fact that Plaintiff was not able to return to work is fatal to all claims raised by Plaintiff in her Complaint.

**Legal Argument**

A.  **Plaintiff's allegations fail to establish a violation of the ADA or the DCHRA**

Plaintiff has alleged in both her Complaint and in her Opposition that she suffered from a condition that prevented her from working, that she was unable to work, that her physician had not concluded when she could return to work, and that her physician had not determined what accommodations would be necessary. (*See,* paragraph 12 of Plaintiff's Complaint; *see, also,* pp 2-3 of Plaintiff's Opposition). These allegations render it impossible for Plaintiff to establish a claim of disability discrimination under either the ADA or the DCHRA.

Defendant cited numerous cases in its Motion to Dismiss which establish that the ability to work (with or without accommodation) is a prerequisite to recover under the ADA and the DCHRA. Cases cited by Defendant demonstrate that a disability discrimination plaintiff must show that she can perform essential functions of job without an accommodation, or if this is not possible, she may show that she can perform essential functions of job with a reasonable accommodation. To establish that a "reasonable accommodation" exists, plaintiff must present evidence as to her individual capabilities and make suggestions for reasonable assistance or job modification. *See, Jones v. University of District of Columbia,* 505 F.Supp.2d 78 (D.D.C. 2007); *Norden v. Samper,* 503 F.Supp.2d 130, 145 (D.D.C. 2007); *Breen v. Dep't of Transp.*, 282 F.3d 839, 841 (D.C.Cir. 2002). The Plaintiff did not do this in her Complaint, and has not done in her Opposition to the Motion to Dismiss.

By her own admission, Plaintiff could not work during the relevant time period, and after almost three (3) months of leave Plaintiff had no idea when she could return to work or what accommodations may be necessary. As is demonstrated in detail in Defendant's Motion to Dismiss, the termination of Plaintiff under such circumstances cannot be construed as a violation of the ADA. *See, Sampson v. Citibank*, 53 F.Supp.2d 13 (D.D.C. 1999); *Hudson v. MCI Telecommunications Corp.,* 87 F.3d 1167, 1169 (10th Cir. 1996)(summary judgment for Defendant appropriate where plaintiff failed to

3

present evidence of expected duration of leave, despite physicians report that impairment was not expected to be permanent); *see, also, Tyndall v. National Educ. Centers,* 31 F.3d 209, 213 (4th Cir. 1994) (employee who cannot meet the attendance requirements of a job is not a "qualified individual" under the ADA);  s*ee, also, Waggoner v. Olin Corp*., 169 F.3d 481, 485 (7th Cir.1999); *Scarborough v. Natsios,* 190 F.Supp.2d 5, 25 (D.D.C. 2002); *Nichols v. Billington* 402 F.Supp.2d 48, 81 (D.D.C. 2005).

In stark contrast to the abundant case law that Defendant relied upon in its Motion to Dismiss, Plaintiff's Opposition is completely void of any legal authority whatsoever.  Instead, Plaintiff, in her Opposition, simply argues without evidence or any legal support that Defendant should not have terminated Plaintiff even though Plaintiff was, by her own admission, unable to work, and even though Plaintiff had no idea when she would be able to return to work or what accommodations would be necessary.  Such unsupported assertions are insufficient to overcome the weight of authority cited by the Defendant.

Plaintiff's own allegations render it impossible for Plaintiff to establish a claim under either the ADA or the DCHRA.  Under such circumstances, dismissal of Counts I and III is appropriate.

### B.     **Plaintiff's allegations fail to establish a violation of the FMLA or the DCFMLA**

Not only does Plaintiff's allegation that she was not able to return to work at the conclusion of FMLA leave defeat her claims of disability discrimination, but it also precludes Plaintiff from asserting that her termination violated the FMLA or the DCFMLA.[1]  As Defendant demonstrated in its Motion to Dismiss, an employer need not reinstate an employee who would have lost his job even if he had not taken FMLA leave.  29 U.S.C. §2614(a)(3)(B); 29 C.F.R. §825.216(a)(1), §825.216(d) (1993).  If

---

[1] Defendant asserts that Plaintiff failed to even include a claim under the DCFMLA.  However, even assuming arguendo that Plaintiff's Complaint contains a claim of a violation of the DCFMLA, that claim would fail for the same

**4**

"after twelve weeks of FMLA leave the employee is unable to return to work the employee no longer has the protections of FMLA" and must look elsewhere for relief. *Id. See, also, DeMar v. PA Consulting Group, Inc.,* 2006 WL 1827373 (D.D.C. 2006).

Plaintiff, in her Opposition, does not present any countervailing authority. Instead, the Plaintiff again offers only conclusory statements that are completely without merit or legal support. For example, Plaintiff's Opposition is premised on an argument that she was terminated on December 5, 2006, prior to the expiration of her protected leave. (*See* page 3 of Plaintiff's Opposition). In fact, all that is alleged in Plaintiff's Complaint is that Defendant notified co-workers on December 5, 2006, that Plaintiff would not be returning from leave. In actuality, as alleged by Plaintiff herself in her administrative filings, Plaintiff was not terminated until the conclusion of her FMLA leave on December 18, 2006. (*See* Exhibit A to Defendant's Motion to Dismiss). Accordingly, Plaintiff's own allegations establish complete compliance with the FMLA.

Furthermore, even if Plaintiff had alleged that her termination occurred during the time that she was on FMLA leave, Plaintiff's claims under the FMLA (and the DCFMLA) would nonetheless fail, as Plaintiff herself has alleged that she was unable to return to work at the conclusion of the leave period. (*See* Paragraph 12 of Plaintiff's Complaint; *see, also*, pp 2-3 of Plaintiff's Opposition). Under such circumstances, Plaintiff has not alleged and cannot establish any violation of the FMLA. *See, Stopka v. Alliance of Amer. Insurers*, 1996 WL 717459, 1996 U.S. Dist. Lexis 18329 (N.D.Ill.1996); *Miller v. Personal-Touch of Virginia, Inc.,* 342 F.Supp.2d 499, 515 (E.D.Va.,2004); *Holmes v. e.spire Communications,* 135 F.Supp.2d 657, 667 (D.Md.,2001) (Summary Judgment granted where Plaintiff was unable to return to work on the date that FMLA leave was exhausted).

Numerous other federal courts have also held that an employee's rights under the FMLA were not violated when, although the employee may have been terminated from unpaid leave before the end

---

reasons that Plaintiff's claim under the FMLA would fail.

of the FMLA period, there was no dispute that the employee would not have been able to return or would not have returned to work at the end of the leave period. *See, Reynolds v. Phillips & Temro Industries, Inc.*, 195 F.3d 411 (8th Cir.1999) (granting summary judgment on the plaintiff's FMLA claim, notwithstanding the plaintiff's contention that he was ready, willing, and able to return to his job within the time period his FMLA leave was due, relying, *inter alia*, on the fact that over one (1) year after the accident, the plaintiff was still on lifting restrictions that precluded his performing the essential functions of the job from which he was fired.); s*ee, also, Cehrs v. Northeast Ohio Alzheimer's Research Center*, 155 F.3d 775 (6th Cir.1998 ) (even if plaintiff was terminated during the twelve-week leave period, there can be no FMLA violation where it was "undisputed that on [the date the leave ended], Cehrs was still unable to work").

Other District Courts have also held that a termination during the FMLA leave period is not an actionable violation where the plaintiff could not have returned to work. *See, e.g., Strykowski v. Rush N, Shore Med. Ctr.*, No. 02 C 778, 2003 WL 21788987, at 6-7 (N.D.Ill. July 30, 2003); *Roberson v. Cendant Travel Servs., Inc.*, 252 F.Supp.2d 573, 580-81 (M.D.Tenn.2002); *Soodman v. Wildman, Harrold, Allen & Dixon*, No. 95 C 3834, 1997 WL 106257, at 8 (N.D.Ill. Feb.10, 1997).

Accordingly, Plaintiff has asserted no violation of FMLA (or the DCFMLA), and dismissal of Counts II and IV (to the extent that it states a claim under the DCFMLA) is appropriate.

   C.  **Plaintiff's claims under the DCHRA and DCFMLA are time barred.**

In addition to the arguments set forth above, Defendant asserted in its Motion to Dismiss that Plaintiff's claims under the DCHRA and the DCFMLA are time barred. As is set forth with more specificity in the Motion to Dismiss, each of these claims is subject to a one (1) year statute of limitations. Plaintiff's Complaint undisputedly was filed well over a year after the date of her termination, rendering the claims untimely.

In her Opposition, Plaintiff does not contest that she filed her claims after the expiration of one (1) year, nor does she assert that she ever raised claims of violations of these statues in any administrative proceeding. Instead, Plaintiff asserts that the Work Sharing Agreement between the District of Columbia Office of Human Rights ("DCOHR") and the United States Equal Employment Opportunity Commission ("EEOC") effectively serves to toll the statute of limitations for both of these claims.

The Work Sharing Agreement, however, has absolutely no bearing on the Plaintiff's claims under the DCFMLA, which is not covered by the Agreement's terms. Plaintiff cites no authority under which the Work Sharing Agreement could arguably be applied to claims that are not encompassed within the Agreement, such as claims under the FMLA or the DCFMLA. Notably, although the section heading of the argument infers that the arguments pertain to both the DCHRA and the DCFMLA, no mention is even made in the argument section to the DCFMLA. In the closing paragraph of that section, Plaintiff refers only to the DCHRA. To the extent that Plaintiff's arguments regarding the Work Sharing Agreement are intended to pertain to the DCFMLA, Plaintiff's arguments with respect to the DCFMLA are completely without merit. Those claims are clearly subject to a one (1) year statute of limitations, which is not tolled by the administrative filing of Plaintiff's ADA claim with the EEOC.

Plaintiff's claims under the DCHRA are also time barred. Although the District of Columbia Court of Appeals issued an opinion in *Estenos v. PAHO/WHO Federal Credit Union,* ---A.2d----, 2008 WL 2605060 (D.C.) on July 3, 2008, holding for the first time that the filing of a claim with the EEOC generally tolls a Plaintiff's claims under the DCHRA, the Plaintiff's claims in this case are nonetheless untimely. In light of the fact that the DCOHR did not accept jurisdiction, it effectively terminated the proceedings before it, resulting in the termination of any tolling and triggering the time period for the running of the statute of limitations..

The District of Columbia Court of Appeals noted in *Griffin v. Acacia Life Ins. Co.*, 925 A.2d

564, 573 (D.C.2007) that "under the work-share agreement that exists between the EEOC and the DCOHR, the EEOC cross-claims with the DCOHR when a claimant files, in order to inform the DCOHR that a claim has been filed. The DCOHR may take jurisdiction within 60 days; if it does not, it defers jurisdiction to the EEOC." In cases in which the DCOHR does not assume jurisdiction, the Court concluded that that DCOHR must have deferred jurisdiction to the EEOC. This, the court held, is the equivalent of dismissal "on the grounds of administrative convenience," *Id., citing* District of Columbia Code §1-2556(a) (2001).

      The court in *Griffin* further noted that although the Work Sharing Agreement provides that the EEOC's receipt of charges automatically initiates proceedings simultaneously with the Office of Human Rights ("OHR"), it further states that for charges initially received by the EEOC, the OHR "waives its right of exclusive jurisdiction to initially process such charges" in order to allow the EEOC to investigate the charges immediately. *Id.*

      In the case at bar, as in *Griffin,* the OHR never considered the merits of Plaintiff's complaint of discrimination. Instead, it presumably exercised the choice given to it by the Work Sharing Agreement to devote its investigative resources to complaints other than those lodged originally with the EEOC. According to the holding in *Griffin,* the OHR "constructively terminated" the complaint in favor of an EEOC investigation of it. *Id., citing Nichols v. Muskingum College,* 318 F.3d 674, 682 (6th Cir.2003) (complaint filed with state agency "was constructively terminated pursuant to the Work Sharing Agreement and should be deemed filed with the EEOC on that same date"); *Puryear v. County of Roanoke*, 214 F.3d 514, 518 (4th Cir.2000) ("[a] state's waiver of its right to initially process a charge thus constitutes a 'termination' of its proceedings").

      Under the rationale of *Griffin,* the statute of limitations begins to run at the time that the OHR effectively terminated the complaint for "administrative convenience." Under the Work Sharing

8

Agreement, the OHR had sixty (60) days to either assume jurisdiction or defer jurisdiction to the EEOC. Failure to assume jurisdiction at the conclusion of the sixty (60) days constitutes a dismissal, and the statute of limitations on Plaintiff's claim under the DCHRA would no longer be tolled. Accordingly, in order to assert a claim under the DCHRA, Plaintiff should have filed suit within one (1) year after the expiration of the sixty (60) day period.

In this case, Plaintiff was terminated on December 18, 2006. Plaintiff filed her claim with the EEOC on January 18, 2007. The sixty (60) day period expired on March 19, 2007. Plaintiff did not file suit until May 8, 2008, well beyond a year after the expiration of the sixty (60) day period. Accordingly, Plaintiff's claims under the DCHRA are time barred, and are properly dismissed.

### D.   Count Four fails to state a claim for which relief may be granted.

Defendant also asserted in its Motion to Dismiss that it was not clear exactly what claim Plaintiff was attempting to assert in Count Four of her Complaint. Defendant pointed out that although Plaintiff generally referred to the DCFMLA in the introductory sections of her Complaint, Plaintiff did not ever assert a claim under that statute in Count Four or elsewhere. For that reason, Defendant argued that Count Four should be dismissed, as it fails to give Defendant fair notice of what claim is being asserted. *See, Bourbeau v. Jonathan Woodner Co.*, 549 F.Supp.2d 78, 2008 WL 1757752, 2 (D.D.C.) (D.D.C. 2008); *Bell Atlantic Corp. v. Twombly*, ---U.S.----, 127 S.Ct. 1955 (2007). Similarly, Defendant argued that any claim under the DCFMLA should also be dismissed, as no count contains any allegation of a violation of that statute.

Plaintiff in her Opposition does not address these arguments or present any reason why Count Four (as well as any purported claim under the DCFMLA) should not be dismissed.

Accordingly, dismissal of Count Four is appropriate.

**9**

**Conclusion**

Plaintiff has failed to state a claim under which relief may be granted under any theory alleged. Plaintiff's allegations that she was unable to work, that she did not know when she would be released to work and that she did not know what accommodations, if any, would allow her to return to work are fatal to all claims. Under the facts alleged, Plaintiff cannot establish that she was a qualified individual with a disability, rendering dismissal of Plaintiff's claims under the ADA and the DCHRA appropriate. Plaintiff's own allegations that she was unable to work and her failure to allege that she was ever capable of returning to work also undermines Plaintiff's claims under the FMLA and the DCFMLA. Additionally, Plaintiff's claims under the DCHRA and, to the extent alleged under the DCFMLA, are also time barred. Accordingly, all claims contained in the Complaint should be dismissed, with prejudice.

WHEREFORE, the above premise considered, Plaintiff respectfully requests that this Honorable Court grant the Motion to Dismiss, and dismiss Plaintiff's Complaint and all allegations contained therein with prejudice. Defendant further requests that it be awarded costs and fees and such other relief as this Court deems just and proper.

Respectfully submitted,

CARR MALONEY P.C.

By:_____
Thomas L. McCally, #391937
1615 L Street, NW, Suite 500
Washington, DC  20036
(202) 310-5500/(202) 310-5555 (facsimile)
Attorney for Defendant
tlm@carrmaloney.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 11th day of July, 2008, a copy of the foregoing was sent via the court's electronic filing system and via first class mail to Denise M. Clark, Esquire, The Law Offices of Denise M. Clark, 1250 Connecticut Avenue, NW, Suite 200, Washington, DC 20036, attorney for Plaintiff.

_____
Thomas L. McCally

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHENIKA JACKSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 1:08cv0800 (ESH) |
| | : |
| WILKES ARTIS, | : |
| | : |
| Defendant. | : |

**ORDER**

UPON CONSIDERATION of Defendant's, Wiles Artis, Chartered, Motion to Dismiss the Complaint filed against it by Plaintiff, Shenika Jackson, and any opposition thereto, upon a review of the record, and upon a finding that so ordering best serves the interests of justice, it is the _____ day of _____, 2008, hereby

ORDERED that Defendant's Motion to Dismiss be and the same hereby is, GRANTED: and it is further

ORDERED the Plaintiff's Complaint be and the same hereby is DISMISSED with prejudice with respect to any and all claims filed herein against Defendant, Wilkes Artis, Chartered.

                                                                     _____
                                                                     The Honorable Ellen S. Huvelle
                                                                     United States District Judge

cc:    Thomas L. McCally, Esq.
         Carr Maloney P.C.
         1615 L Street, NW, Suite 500
         Washington, DC  20036

         Denise M. Clark, Esquire
         The Law Offices of Denise M. Clark
         1250 Connecticut Avenue, NW, Suite 200
         Washington, DC  20036