# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| SHENIKA JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0800 (ESH) |
| ) | |
| WILKS ARTIS ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

Plaintiff Shenika Johnson has brought this suit against her former employer, Wilkes

Artes, alleging that its termination of her employment violated the Americans with Disabilities

Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), the federal Family and Medical Leave Act, 29 U.S.C.

§ 2601, *et seq.*, ("FMLA"), the District of Columbia Family and Medical Leave Act, D.C. Code

§ 32-501 ("DCFMLA"), and the District of Columbia Human Rights Act, D.C. Code § 2-1402-1,

*et seq.*, ("DCHRA").[1]  Defendant has moved to dismiss the complaint.  For the reasons stated

herein, defendant's motion will be granted.

---

[1] Plaintiff's complaint also refers generally to violations of "the District of Columbia laws governing employment relationships" (Compl. ¶ 1), but fails to allege any related cause of action.  Plaintiff did not respond to defendant's motion to dismiss any claims arising from these unspecified employment laws, and thus they are conceded.  *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by a defendant, a court may treat those arguments that the plaintiff failed to address as conceded.")). *See also Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F.Supp.2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.").

1

**BACKGROUND**

Plaintiff was hired on August 21, 1989, and was employed continuously by defendant law firm until her termination on December 18, 2006. (Compl. ¶ 7.) She consistently received performance evaluations of "satisfactory" or above. (*Id.* ¶ 8.) On September 26, 2006, plaintiff took authorized leave after being diagnosed with chronic depression, fatigue, and anxiety. (*Id.* ¶ 9.) Plaintiff's supervisors were aware of her diagnosis. (*Id.* ¶ 10.) Plaintiff's leave was covered by the FMLA and the DCFMLA, and was scheduled to conclude on December 18, 2006. (*Id.* ¶ 11.)

On or about December 1, 2006, defendant contacted plaintiff by telephone requesting that she provide a date when she would return to work. (*Id.* ¶ 12.) Plaintiff explained that she had not yet been cleared by her physician to return to work, and that she would provide the notice on or before the conclusion of her FMLA leave. (*Id.*) Defendant's human resources representative advised plaintiff that unless she confirmed the date of her return she would be terminated, and that she would be viewed as having abandoned her job. (*Id.* ¶ 14.) On December 5, 2006, defendant's human resources director notified defendant's employees via email that plaintiff would not be returning to work. (*Id.* ¶ 15.) On December 18, 2006, plaintiff received official written notice of her termination.

On January 18, 2007, plaintiff filed a charge of discrimination with the D.C. Office of Human Rights alleging that she was terminated while on medical leave and that defendant had failed to consider additional leave or any other reasonable accommodation. Plaintiff stated that she believed she had been discriminated against because of her disability in violation of the ADA. On May 8, 2008, plaintiff filed a complaint in this Court.

2

Defendant has now moved to dismiss the complaint arguing that plaintiff has failed to state a claim for relief under the ADA, FMLA, DCRHRA, and DCFMLA, and that plaintiff's claims under the DCHRA and DCFMLA are time-barred. The Court will consider each of defendant's arguments in turn.

## ANALYSIS

A complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). At this stage, all reasonable factual inferences must be construed in plaintiff's favor, and all allegations in the complaint are presumed true. *Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 2004). To survive a motion to dismiss, plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl.*, 127 S.Ct. at 1965.

## I.    Plaintiff Has Failed to State a Claim Under the ADA

Defendant first argues that plaintiff has failed to state a claim for relief under the ADA. (Def.'s Mot. 4.) Plaintiff alleges that defendant violated the ADA by determining that plaintiff had abandoned her job prior to the termination of her leave period "instead of attempting to engage Plaintiff in an interactive process to determine what accommodations were necessary and what could be provided." (Pl.'s Opp'n 3.) The Court agrees that plaintiff's allegations are

insufficient to state a claim for relief under the ADA.

To make out a *prima case* of unlawful discrimination based on her employer's failure to accommodate her disability, plaintiff must show that "(1) she is disabled within the meaning of the Act; (2) her employer was aware of her disability; (3) with reasonable accommodation she could perform the essential functions of the position; and (4) she was denied a reasonable accommodation." *Olds v. Natsios*, 2006 WL 416157, at * 3 (D.D.C. Feb. 22, 2006) (citing *Scarborough v. Natsios*, 190 F.Supp.2d 5, 19 (D.D.C. 2002) (citations omitted)). *See also Jones v. District of Columbia*, 505 F.Supp.2d 78, 88 (D.D.C. 2007). Even assuming that plaintiff has adequately pled the first two prongs of her *prima facie* case, she has failed to allege that she was capable of performing the essential functions of her job with or without reasonable accommodation, or that she requested accommodation and was denied. Plaintiff does not contend that she communicated her intent and ability to return to her position at any time prior to the end of her leave (despite having been told that her failure to do so would be construed as abandonment of her position). Nor does she claim that she made her employer aware that she would be able to return to work if given reasonable accommodation. *See Flemmings v. Howard University*, 198 F.3d 857, 861 (D.C. Cir. 1999) ("An underlying assumption of any reasonable accommodation claim is that the plantiff-employee has requested an accommodation which the defendant-employer has denied.")

The only accommodation that plaintiff could even plausibly claim that she was denied is additional leave. (*See* Def.'s Ex. A [Charge of Discrimination] at 3.) Plaintiff's complaint does not indicate she ever requested an extension of leave, but even if her conversation with the human resources representative could be so construed, defendant's failure to grant what could

4

only reasonably be construed as a request for indefinite leave  would not violate the ADA.  *See Sampson v. Citibank*, 53 F.Supp.2d 13, 18 (D.D.C. 1999);  *Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996).  As the D.C. Circuit has explained, "coming to work regularly" is an "essential function" of employment.  *Carr v. Reno*, 23 F.3d 525, 529 (D.C. Cir. 1994).  *See also Waggoner v. Olin Corp.*, 169 F.3d 481, 485 (7th Cir. 1999) ("[A]ttendance . . . is a basic requirement of most jobs.").  At no point prior to her termination did plaintiff inform her employer that she would be able to return to work by a specified date, if an additional discrete period of leave were granted.   Plaintiff has thus failed to allege facts that if presumed to be true would entitle her to relief under the ADA, and this claim will be dismissed.[2]

## II.      Plaintiff Has Failed to State a Claim Under the FMLA

Defendant next argues that plaintiff has failed to state a claim for relief under the FMLA. (Def.'s Mot. 6.)   The FMLA provides that an eligible employee with a serious health condition is entitled to up to 12 weeks of medical leave during a 12-month period without suffering any adverse employment action by her employer.  *See* 29 U.S.C. § 2612(a)(1).  When the employee returns from leave, she is entitled to be restored to the position she left or an equivalent position. *See* 29 U.S.C. § 2614(a)(1).     The FMLA provides that it shall be unlawful for any employer "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided

---

[2] Because plaintiff has failed to state a claim for relief under the ADA, her claim under the DCHRA must also be dismissed.  *See Chang v. Institute for Public-Private Partnerships, Inc.*, 846 A.2d 318, 324 (D.C. 2004) ("Because the DCHRA definition of 'disability' closely resembles the definition of disability found in the Americans with Disabilities Act . . . '[w]e have considered decisions construing the ADA as persuasive in our decisions construing comparable sections of [the] DCHRA.'") (quoting *Grant v. May Dept. Stores Co.*, 786 A.2d 580, 583-84 (D.C. 2001)) (alterations in original).

under this subchapter[,]" or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."  29 U.S.C. § 2615(a)(1),(2).

Plaintiff's sole allegation in support of her FMLA claim is that she was "actually" terminated on December 5, 2006, when the human resources director sent an email to her colleagues indicating that plaintiff would not return, rather than on December 18, 2006, when plaintiff's leave expired.  (Pl.'s Opp'n 3.)[3]  Plaintiff does not explain, however, how this action by the director interfered with her rights under the FMLA to take 12 weeks of leave and return to her position or to an equivalent position.  Plaintiff does not allege that defendant prevented her from taking the leave or denied her the right to return to her position when her leave expired.  In fact, it appears that defendant wanted plaintiff to return and that plaintiff indicated that she was not medically able to do so.  Plaintiff does not claim that she would have been ready to return to work on December 18, 2006, but was prevented from doing so because she had already been terminated.  Her failure to allege that she would have been able to return at the conclusion of her leave is fatal to her FLMA claim.  *See Holmes v. e.spire Communications*, 135 F.Supp.2d 657, 667 (D.Md. 2001) (plaintiff could not prevail on her FMLA claim where she was unable to return to work when her leave expired); *Miller v. Personal-Touch of Virginia*, 342 F.Supp.2d 499, 515 (E.D.Va. 2004).

**III.    Plaintiff's DCFLMA Claim Is Time-Barred**

Finally, defendant argues that plaintiff's DCFMLA is time-barred because this action was

---

[3] As defendant points out, however, plaintiff concedes in her administrative filings that she was not formally terminated until the end of her leave period.  (*See* Def.'s Ex. A.)

filed more than one year after the termination of plaintiff's employment.  (Def.'s Mot. 8.)  The

District of Columbia Code provides that "[n]o civil action may be commenced more than 1 year

after the occurrence or discovery of the alleged violation [of the DCFMLA]" D.C. CODE. § 32-

510(b)(2001).  Plaintiff was notified of her termination on December 18, 2006, and this suit was

filed on May 5, 2008, well outside the one-year limitations period.  Plaintiff offers no

explanation or argument to the contrary.[4]  Plaintiff's DCFLMA claim is therefore dismissed.[5]

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss [Dkt. 3] is GRANTED and

the captioned case is dismissed with prejudice.   An appropriate order accompanies this

Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 21, 2008

---

[4] Plaintiff does explain that the filing of her charge with the D.C. Office of Human Rights tolled the statute of limitations with respect to her DCHRA claim.  However, "[a] plaintiff need not exhaust administrative remedies before bringing an action under the DCFMLA." *Lightfoot v. District of Columbia*, 2006 WL 54430, at *7 n. 6 (D.D.C. Jan. 10, 2006) (citing *Simmons v. District of Columbia*, 977 F.Supp. 62, 64 (D.D.C. 1997)).  Thus, the fact that plaintiff was exhausting her adminstrative remedies with respect to her other claims did not toll the statute of limitations for her DCFMLA claim.

[5] Plaintiff's DCFMLA fails for the additional reason that she failed to allege that she would have been able to return to her position at the completion of her permitted leave period. *See* Section II *supra*.